UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE BUILDING LABORERS LOCAL 310 PENSION FUND | : | Case No. 06CV1925 |
| Plaintiff, | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| ABLE CONTRACTING GROUP, INC. | : | **MEMORANDUM & ORDER** |
| Defendant. | : | |

Before the Court is *Plaintiffs' Motion for Entry of Judgment for Attorney Fees and Costs* ("Motion for Fees and Costs") (Doc. 27). The Plaintiff, Trustees of the Building Laborers Local 310 Pension Fund ("Local 310") filed its Motion for Fees and Costs pursuant to the Court's Order of August 19, 2008 (Doc. 25) granting Local 310's motion for judgment on the pleadings (Doc. 22). For the reasons stated herein, the Court **GRANTS, in part**, Local 310's Motion for Fees and Costs and finds that Local 310 is entitled to an award of costs in the amount of $ 350.00 and attorneys' fees in the amount of $ 40,812.50.

I.  **BACKGROUND**

On August 11, 2006, Local 310, a multiemployer pension fund governed by the Employee Retirement Insurance Security Act ("ERISA"), filed a complaint in this Court claiming the Defendant, Able Contracting Group, Inc. ("Able"), owed the pension fund withdrawal liability, ultimately in the amount of $ 228,546.00. (Doc. 1.) After several motions were filed, fully briefed, and resolved, and Able's appeal to the Sixth Circuit was dismissed for lack of jurisdiction (Doc. 20), the Court granted Local 310's *Motion for Judgment on the Pleadings* (Doc. 22) on August 19, 2008

(Doc. 25). In its August 19th Order, the Court granted Local 310's request for attorneys' fees and costs, and instructed Local 310 to file a motion requesting a specific amount reflecting fees and costs, and to provide the basis for the requested award. (Doc. 25 at 18-19.) Local 310 filed this Motion for Fees and Costs accordingly, and Able filed a response as instructed by the Court.[1]

### A. LOCAL 310'S MOTION FOR FEES AND COSTS

In its Motion for Fees and Costs, Local 310 requests $ 350.00 in costs (*i.e.*, the filing fee) and $ 49,325.00 for attorneys' fees. (Doc. 27 at 1.) The request for fees is based on 163.25 hours of attorney time compensated at the rate of $ 300.00 per hour. (*Id*.)

### 1. Local 310's Lodestar Analysis

The Motion for Fees and Costs states that "counsel's agreement with the [client] provides for a discounted hourly rate of $ 200.00 per hour." (*Id*.) Local 310's counsel argues, however, that, based on the Sixth Circuit's application of the familiar 'lodestar' approach, the hourly rate should be the reasonable hourly rate. (*Id*. (citing *Building Serv. Local 47 Cleaning Contr. Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1400 (6th Cir. 1995).) In *Grandview Raceway*, the Sixth Circuit stated: "In applying the lodestar approach, '[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by the reasonable hourly rate.'" *Grandview Raceway*, 46 F.3d at 1400 (omitting citations). Local 310's counsel argues that the contractual fee agreement between the parties does not govern when it reflects a discounted rate rather than a reasonable hourly rate. *See Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989)).) Instead, the Court

---

[1] Because of concern regarding potential waiver of privilege, the Court instructed Local 310 to submit any materials in support of its Motion for Fees and Costs by letter for *in camera* review, and, likewise, instructed Able to submit its response by letter to the Court and opposing counsel. Thus, the documents Local 310 submitted in support of its motion and Able's response do not appear on the docket.

should determine the reasonable hourly rate by looking to the prevailing rate in the relevant market. *See Johnson v. City of Clarksville*, 256 Fed. Appx. 782, 2007 WL 4293080 (6th Cir. 2007); *Adcock-Ladd v. Sec. of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000)). The prevailing market rate is defined as "the rate which lawyers of comparable skill and experience can reasonably expect to command within the relevant community . . . ." *Brooks v. Invista (Koch Indus.)*, 528 F. Supp. 2d 785, 788 (E.D. Tenn. 2007). In making this comparison, the Court may "consider affidavits from other attorneys or experts as well as citations to prior precedents showing reasonable rate adjudications for the fee applicant, for comparable attorneys or cases." *Johnson v. Connecticut Gen. Life Ins., Co.*, 2008 WL 697639, at *5 (N.D. Ohio 2008). In addition, Local 310's Motion for Fees and Costs cites multiple ERISA cases in which the Court awarded fees at a rate greater than the contractually agreed rate based on the above considerations, (Doc. 27 at 3-4), and discusses the policy behind this approach – *i.e.*, to encourage simple and efficient collection by ERISA plans and deter "prolonged litigation." *See Bd. of Trustees of the Hotel and Restaurant Employees Local 25*, 136 F.3d 794, 804 (D.C. Cir. 1998).

### 2. Local 310's Supporting Documentation

Against this legal backdrop, Local 310 submitted a declaration and two affidavits in support of its request: (1) Attorney Joyce Goldstein's declaration addressing the prevailing rate for similar cases in the Northern District of Ohio; (2) Attorney Susan Gragel's affidavit introducing an itemized schedule of services performed by herself and Attorney Richard Stoper, Jr. and a copy of her profile from the website Martindale-Hubbell; and (3) Attorney Richard Stoper, Jr.'s affidavit including the same components as Gragel's.

Goldstein's declaration includes a resume reflecting her considerable experience as an

attorney practicing in Cleveland, Ohio and specializing in labor law and ERISA.[2] In the final paragraph of her declaration, Goldstein states that, based on her experience, $ 300.00 per hour is a reasonable hourly rate for counsel to charge for a case like this in the Northern District of Ohio.

Gragel and Stoper's affidavits focus on the number of hours expended on this litigation and the requested rate. Gragel states that she has twenty-eight years of experience and customarily charges clients between $ 300.00 and $ 350.00 per hour for her services. Stoper states that he has twenty-three years of experience as a litigator and customarily charges clients the same hourly rate as Gragel. Exhibit A to each affidavit is a schedule of both Gragel and Stoper's time spent on this matter. The schedule is itemized by the date the work was performed. Each entry includes a brief but specific description of the work and the number of hours expended. The schedule is dated August 27, 2008 – after the Court granted the Motion for Judgment on the Pleadings. (Doc. 25.) It indicates that Gragel spent 7.75 hours on this matter, and that most of that time was devoted to talking to Stoper about the matter and reviewing drafts of filings and other documents he prepared. The schedule shows that Stoper did the vast majority of the work, including legal research, drafting, communication with the client, opposing counsel, and the Court, and filing. All tolled, Stoper spent 155.5 hours on this matter.

### B.     ABLE'S RESPONSE IN OPPOSITION TO THE MOTION FOR FEES

For its part, Able argues that the requested fees award should be reduced significantly – to $ 28,918.00 – or denied entirely for lack of proper support.[3]

---

[2] Goldstein established her own law firm specializing in labor and employee benefits law in Cleveland, Ohio in 1986. She has been practicing continuously in this district and in these areas of law ever since.

[3] Able does not contest the request for $ 350.00 in costs. This amount reflects the filing fee in this case and the Court **GRANTS** the request as both unopposed and appropriate.

### 1. Able's Articulation of the Applicable Legal Standard

Able does not dispute that the lodestar approach should be applied in this case, and relies on the Sixth Circuit's decision in *Grandview Raceway* for the basic rule that attorneys fees should be calculated by determining the number of hours reasonably expended on the matter and multiplying by the prevailing market rate. Able emphasizes, however, that the Sixth Circuit's lodestar analysis extends beyond this basic rule. Other considerations may cause the Court to adjust the fee in either direction. *Grandview Raceway*, 46 F.3d at 1401. Specifically, Able quotes the twelve factors listed by the Sixth Circuit in *Reed v. Rhodes*:

> These factors are: (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

179 F.3d 453, 471 (6th Cir. 1999) (noting that these factors were "enunciated by the Fifth Circuit in *Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714 (5th Cir.1974), and adopted by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 432 . . . (1983)"). Further, Able notes that Local 310 bears the burden of supporting its request for a specific award with sufficient documentation. *See Reed v. Rhodes*, 179 F.3d at 472. In particular, Able notes that the Sixth Circuit recently noted that "Courts in this circuit have reduced attorney fees on the basis of insufficient billing descriptions where the attorney did not maintain contemporaneous records of his time or the nature of his work . . . ." *Imwalle v. Reliance Med. Prods.*, 515 F.3d 531, 553 (6th Cir. 2008) (omitting internal quotations and citations).

**2.     Able's Arguments for Adjusting the Lodestar Figure**

In light of this legal precedent, Able argues that, even if the requested fee award reflects reasonable hours at reasonable rate, the *Reed* factors at least justify a substantial downward adjustment. First, Able contends that the schedule attached as Exhibit A to Gragel and Stoper's affidavits does not properly prove the hours billed. Able specifically objects to the fact that the schedule was apparently prepared *after* the litigation and, therefore, does not indicate that the attorneys recorded their time contemporaneously. Able points out that neither Gragel nor Stoper testified as to their method of contemporaneously recording their time or the billing program used to prepare the schedule. *See Imwalle*, 515 F.3d at 553. Second, Able argues that the hours presented are excessive, and that Local 310 did not submit an affidavit or declaration stating that the hours worked are reasonable. For example, Stoper spent 32.75 hours preparing the motion for judgment on the pleadings. Third, Able contends that Gragel and Stoper's requested hourly rate ($ 300.00) is unsupported because Goldstein's declaration – the only statement Local 310 submitted – does not address Gragel and Stoper's qualifications. Fourth, because Gragel is "AV" rated and Stoper apparently is not, and because the schedule indicates that Gragel reviewed Stoper's drafts, Able contends that Stoper is a "subordinate attorney" who should not be compensated at the same rate as his supervisor, Gragel. Fifth, Able reminds the Court that, throughout this litigation, Local 310 maintained that the applicable law was simple, and, therefore, the second, third, and twelfth *Reed* factors favor a smaller award. Sixth, Able argues that there is no reason to award more than the fee Gragel and Stoper negotiated with their client. Finally, Able concludes that only one of the *Reed* factors favors Local 310 (factor eight - "the amount involved and the result obtained"), and, therefore, the amount should be reduced to either $ 0 for insufficient documentation or $ 28,918.00

reflecting $ 200.00 per hour for Gragel's work and $ 175.00 for Stoper's.

## II. DISCUSSION

At the outset, the Court notes that the parties accurately summarize, and essentially agree upon, the applicable law. Accordingly, the Court will address the relative merits of their positions in light of the law as set forth above.

### A. SUFFICIENT DOCUMENTATION

The Court first rejects Able's contention that the Court should not award any fees because counsel for Local 310 did not specifically describe their method of contemporaneously recording hours worked. The Court finds that the billing records submitted with Gragel and Stoper's affidavits provide sufficient itemization and detail to satisfy the Sixth Circuit's documentation requirement, as discussed in *Imwalle*, 515 F.3d at 553. In fact, the billing records submitted in this case appear to be quite similar to the records the Sixth Circuit found adequate in *Imwalle*. The records are itemized by date, beginning less than two months before the complaint was filed and ending during the week the motion now before the Court was filed. Each line item is dated, describes the specific task undertaken by the attorney, and the fractional hours (in quarter hours) for each entry appear in the right column. Further, as stated in *Imwalle*, "the billing records appear to have been maintained contemporaneously with the completion of the work." 515 F.3d at 554. "Counsel's billing entries, when read in the context of the billing statement as a whole and in conjunction with the timeline of the litigation, support the . . . determination that the hours charged were actually and reasonably expended in the prosecution of the litigation." *Id*. Consequently, *Imwalle* provides no support for Able's insufficient documentation argument and, to the contrary, demonstrates that the billing records Local 310's counsel submitted are adequate based on applicable Sixth Circuit authority.

### B. REASONABLE HOURS

Next, the Court must consider the two prongs of the lodestar approach: reasonable hours expended and reasonable hourly rate. *Grandview Raceway*, 46 F.3d at 1400.

With respect to the first prong – reasonable hours expended – Able contends that counsel for Local 310's hours are excessive, especially in light of Local 310's consistent contention that the law applicable to the merits of this case was not difficult. After thorough review of the itemized billing entries, in addition to the Court's extensive knowledge of all of the filings in this case, the Court rejects Able's argument. Although the Court ultimately granted judgment on the pleadings, this case was vigorously litigated from the outset, including an appeal to the Sixth Circuit on the issue of arbitrability. Furthermore, the issue – withdrawal liability – involves a labyrinth of statutes and associated case law. Local 310's motion for judgment on the pleadings and the reply that Able specifically mentions as an example of excessive hours, moreover, are well-researched and heavily cited. Proper review and citation of appropriate authority is very time consuming, as any experienced lawyer knows. Accordingly, the Court finds that 163.25 hours is a reasonable expenditure of time under the circumstances of this case and accepts Local 310's request for compensation for 163.25 hours.

### C. REASONABLE RATE

The other prong of the lodestar analysis is whether the hourly rate requested is reasonable. (*Id*.) Able's strongest argument on this prong is that the Motion for Fees and Costs provides the Court with little guidance regarding the reasonableness of Gragel and Stoper's requested rate. In particular, although Goldstein's declaration reliably states that $ 300.00 per hour is a reasonable rate for this type of case in the Northern District of Ohio, the declaration does not address Gragel and

Stoper's level of experience and expertise. Common sense, the ninth *Reed* factor (*supra*), and even a cursory review of recent cases involving awards of attorneys' fees indicate that experience and expertise are important factors in determining whether a requested rate is reasonable. *See e.g.*, *Kaufman v. Sedalia Medical Ctr., Inc.*, 2007 WL 490896, *3 (S.D. Ohio Feb. 9, 2007) (awarding $ 300-325 per hour to experienced partner; $ 200-225 per hour to associate); *Friley v. UNUM Provident*, 2006 WL 561852, *3-4 (N.D. Ohio March 6, 2006) (awarding $350 per hour to experienced partner; $ 200 per hour to associate). The Court is thus left to speculate whether $ 300.00 per hour is a reasonable rate for both Gragel and Stoper to charge.[4]

In determining a reasonable rate, the Court is not limited to the parties' submissions, however. As noted above, it may also consider the awards in analogous cases, *see Johnson v. Connecticut Gen. Life Ins., Co.*, 2008 WL 697639, at *5 (N.D. Ohio 2008), and its own knowledge and experience from handling similar requests for fees, *see Ousley v. Gen. Motors Retirement Program for Salaried Employees*, 496 F. Supp. 2d 845, 850 (S.D. Ohio 2006) (citing *Coulter v. State of Tenn.*, 805 F.2d 146, 149-50 (6th Cir.1986)). In addition, the Court gives significant weight to Goldstein's declaration, as her level of experience appears to be similar to that of Gragel and Stoper's, and it is reasonable to presume that her assessment of the reasonable rate is based in large part on personal experience.

---

[4] The Court is not persuaded by Able's argument that Stoper's hourly rate should be lower than Gragel's simply because her role was to review the drafts he prepared. First, both Gragel and Stoper are experienced lawyers. The fact that Gragel is a twenty-eight year veteran while Stoper has twenty-three years under his belt does not necessarily mean that he should be compensated at a lower rate. Perhaps it was the wisdom gained from their collective experience that compelled them to have Gragel review Stoper's drafts, not as a supervisor but as a collaborator and strategic counselor. Second, Gragel and Stoper both testified in their affidavit that their customary rate is the same – $ 300.00 to $ 350.00 per hour. Accordingly, the Court rejects this argument.

As a point of departure, the Court notes that $ 250.00 per hour is the average of the requested rate based on Goldstein's declaration ($ 300.00) and the negotiated rate ($ 200.00). Additionally, the Court's review of recent case law suggests that district courts in Ohio typically award fees at an hourly rate between $ 200.00 and $ 300.00. *See Johnson*, 2008 WL 697639 at *5 (finding $ 230.00 per hour a reasonable rate in an ERISA case in the North Canton, Ohio region); *Mikolajczyk v. Broadspine Servs., Inc.*, 499 F. Supp. 2d 958 (N.D. Ohio 2007) (finding $ 250.00 per hour a reasonable rate in an ERISA case in Toledo); *Plummer v. Hartford Life Ins. Co.*, 2007 WL 838926, at *3 (S.D. Ohio Mar. 15, 2007) (finding $ 200.00 per hour a reasonable rate in Dayton, Ohio); *Kaufman*, 2007 WL 490896 at *3 (finding $ 300-325 per hour a reasonable rate for partner in Columbus, Ohio; $ 200-235 a reasonable rate for associate); *Flynn v. Trumbull County, Ohio*, 2007 WL 582323, *3 (N.D. Ohio Feb. 20, 2007) (finding $ 285 per hour a reasonable rate in Cleveland, Ohio in an employment discrimination case); *Ousley*, 496 F. Supp. 2d at 850 (finding $ 225 per hour a reasonable rate in Dayton, Ohio; $ 300 per hour unreasonable when based on affidavit of Columbus, Ohio attorney); *Friley*, 2006 WL 561852 at *3-4 (finding $ 350.00 per hour reasonable rate in Cleveland, Ohio for partner in ERISA case; $ 200 reasonable for associate). These cases suggest two things: First, $ 250.00 per hour is clearly a reasonable rate for an attorney experienced in handling ERISA cases. Second, the key factor in determining whether $ 300.00 is a reasonable rate is the experience of the attorney. Because Local 310's Motion for Fees and Costs provides little guidance specific to Gragel and Stoper, the Court adopts the middle ground and finds that $ 250.00 per hour is a reasonable rate under the circumstances of this case.

Accordingly, the product of the lodestar analysis is $ 40,812.50: reasonable hours – 163.25 – multiplied by the reasonable hourly rate – $ 250.00.

### D. *REED* FACTORS

As the parties correctly note, in the Sixth Circuit, "[t]here is a 'strong presumption' that this lodestar figure represents a reasonable fee." *Grandview Raceway*, 46 F.3d at 1401. This "does not end the inquiry," however. *Id*. at 1402. Other considerations, such as the factors listed in *Reed* above, should be considered to adjust the lodestar figure if appropriate under the circumstances of the case. Adjustments to the lodestar figure are the exception rather than the rule, however. *Adcock-Ladd*, 227 F.3d at 350.

In this case, the *Reed* factors do not strongly favor an adjustment in either direction. Although ERISA is a specialized area of law, this was not an atypical ERISA withdrawal liability case. It did, however, involve multiple motions and an appeal to the Sixth Circuit. While attorney Gragel did not expend significant time on this matter, and therefore was not precluded from other employment, the billing records illustrate that attorney Stoper devoted the majority of his time to this case during certain weeks over the past two years. Both lawyers' customary fee is a little higher than the fee awarded, but the agreed fee was significantly lower. Able might argue that a lower fee is appropriate because there is no indication that time constraints created a hardship and there is nothing undesirable about the case. On the other hand, the amount involved and the result obtained favor Local 310. In fact, the Sixth Circuit has identified "the result obtained and amount involved" as a particularly important factor. *Adcock-Ladd*, 227 F.3d at 349. Ultimately, balancing the *Reed* factors does not indicate that this is a 'rare' case in which an adjustment to the lodestar figure is appropriate.

### III. CONCLUSION

For the foregoing reasons, the Court hereby **AWARDS** Local 310 attorneys' fees at the rate of $ 250.00 per hour for 163.25 hours. Accordingly, **the total award of attorneys' fees is $ 40,812.50.** In addition, the Court **AWARDS** Local 310 **$ 350.00 in costs**.

**IT IS SO ORDERED.**

>                                    s/Kathleen M. O'Malley
>                                    **KATHLEEN McDONALD O'MALLEY**
>                                    **UNITED STATES DISTRICT JUDGE**

**Dated: March 23, 2009**